1  KENNETH K. LIU, ESQ.
   Nevada Bar No. 4466
2  819 South Sixth Street
   Las Vegas, Nevada 89101
3  (702) 385-0639
   Attorney for Debtor(s)
4

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re: | |
| DAVID R. MOSHER, | BK-S-08-21379-LBR<br>Chapter 13 |
| Debtor(s) | Date: July 21, 2010<br>Time: 10:30 a.m. |

### OPPOSITION TO MOTION FOR RELIEF FROM AUTOMATIC STAY
### WITH CERTIFICATE OF SERVICE

The above-named debtor, by and through his attorney of record, Kenneth K. Liu, Esq., files this opposition to US Bank National Association, as Trustee for CSMC Mortgage-Backed Pass- Through Certificates, Series 2006-4 by its Attorney in fact Wells Fargo Bank, N.A., successor by merger to Wells Fargo Home Mortgage, Inc. s Motion for Relief from Automatic Stay and state as follows:

Section 362(d)(2) of the Bankruptcy Code requires that in liquidation cases the court must determine whether any equity exists, and, if none exits, can grant relief from stay. In Chapter 13 cases, more emphasis must be given to rehabilitation than to mechanically following the provisions of Section 352. In the case of In re Kleinsasser, 4 C.B.C. 2d (1981), the Court held that the automatic stay provisions should be construed to allow the meaningful rehabilitation of the debtor as provided in other sections of the code. To this end, even if there is no equity cushion, in a Chapter 3 case the stay remains in effect if the debtor can prove the property is essential for rehabilitation. In re Cooper, 5 C.B.C. 2d 1208 (1981). And further, even where there is a possibility of rehabilitation, although it may be unlikely, the automatic stay should be continued.

1

     Once a Chapter 13 plan is confirmed, a Section 362 (d) motion for relief must be denied under Section 1327(a) at least so long as the debtor remains current in payments to the creditor pursuant to the original agreement outside of the plan and in curing prepetition arrearages under the plan. In re Evans, 7 C.B.C. 2d 451 (1982). Further, unless the debtor defaults in payments under the plan, confirmation prevents a creditor from obtaining relief from stay. Id. In addition in considering a motion to lift stay, a court should consider the protection given the creditor by the equity cushion in the property. See Citicorp Person-to-Person Financial Center v. Jordan, 32 B.R. 867 (1983). The mere existence of a default does not constitute cause for relief from the automatic stay. In re Artishon, 39 B.R. 890 (1984).

     In this case, the Debtor was trying to modify his mortgage with creditor and was informed that creditor would be willing to work with Debtor while the modification was pending. In any event, the Debtor proposes to cure the arrearages over a period of six months.

     DATED this 22nd day of June, 2010.

By  /s/ Kenneth K. Liu  
KENNETH K. LIU, ESQ.  
Nevada Bar #4466  
819 South Sixth Street  
Las Vegas, NV 89101  
Attorneys for Debtor

# CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a copy of the Debtor's opposition to Motion for Relief from Automatic Stay in the above-entitled case was mailed by me the 22nd day of June, 2010, by depositing a copy thereof, first-class postage prepaid, in the United States Mail, to the parties listed below:

Gregory L. Wilde, Esq.  
Wilde & Associates  
212 South Jones Blvd.  
Las Vegas, NV 89107

Mark S. Bosco, Esq.  
Tiffany & Bosco, P.A.  
2525 East Camelback Road, Ste. 300  
Phoenix, AZ 85016

Dated: 22nd day of June, 2010.

/s/ Kenneth K. Liu  
An employee of Law Offices of Kenneth K. Liu